**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Moises MARTINEZ–CANTU,**
**Defendant–Appellant.**

No. 04–50494.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 30, 2005.

642

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Moises Martinez–Cantu appeals his jury-trial conviction for illegal reentry following deportation. He first argues that the evidence was insufficient to support his conviction. To obtain a conviction for illegal reentry, the Government must establish four elements: (1) alienage, (2) deportation, (3) reentry into or unlawful presence in the United States, and (4) lack of the Attorney General's consent to reenter. *See* 8 U.S.C. § 1326(a); *United States v. Sanchez–Milam,* 305 F.3d 310, 312 (5th Cir.2002). Martinez–Cantu challenges only the last element.

The evidence was more than sufficient to establish the lack of the Attorney General's consent to reenter into the United States. The Government offered a certificate of nonexistence of record which satisfies the Government's burden of proving that the Attorney General had not consented to reentry. *Id.*

Moreover, there was testimony showing that Martinez–Cantu did not have any documentation to allow him to enter into the United States after his deportation; he admitted as much to immigration officials. Viewing this evidence in the light most favorable to the Government, a reasonable

jury could have concluded that Martinez–Cantu did not obtain the Attorney General's consent to reenter the United States. *United States v. Ortega Reyna,* 148 F.3d 540, 543 (5th Cir.1998).

Martinez–Cantu argues that 8 U.S.C. § 1326(b)(1) & (2) were rendered unconstitutional by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), but he concedes that the issue is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve its further review by the Supreme Court. "*Apprendi* did not overrule *Almendarez–Torres.*" *United States v. Rivera,* 265 F.3d 310, 312 (5th Cir.2001); *see Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348. This court must follow the precedent set in *Almendarez–Torres* unless the Supreme Court overrules it. *Rivera,* 265 F.3d at 312. The judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.